Decided 4 December, 1906.

## SETTERLUN v. KEENE.

87 Pac. 763.

CONSTITUTIONALITY OF STATUTE PRESCRIBING QUALIFICATION OF VOTER AT SCHOOL DISTRICT ELECTIONS.

1. Section 3386, B. & C. Comp., providing that any citizen who has property in a school district on which he or she is liable to pay a tax

shall be entitled to vote at any school district election, is not invalid as prescribing a property qualification in contravention of Const. Or. Art. II, § 2, defining the qualifications of voters, it not applying to school district elections.

SAME—COMPLIANCE WITH STATUTES.

2. Under B. & C. Comp. § 3386, providing that any citizen who has property in the district "as shown by the last county assessment * * on which he or she is liable * * to pay a tax" shall be entitled to vote at any school district election, the voter must have property, the ownership of which must appear from the assessment alone.

From Marion: GEORGE H. BURNETT, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is an action brought by G. A. Setterlun against H. A. Keene and J. E. Towle, two of the directors of a school district, to recover damages for having· been denied the right to vote at a school meeting. Upon the trial he was nonsuited because it did not appear that he had property in the district as shown by the last county assessment upon which he was liable to pay a tax, and was, therefore, not a qualified voter, and, he appeals. The case was submitted on briefs under the proviso of Rule 16, 35 Or. 587, 600.                                        AFFIRMED.

For appellant there was a brief over the names of *W. H.* and *Webster Holmes.*

For respondents there was a brief over the name of *Carson & Cannon.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

1. The statute prescribing the qualification of voters at school meetings, declares:

"Any citizen of this state, male or female, who is twenty-one years of age, and has resided in the district thirty days immediately preceding the meeting or election and has property in the district as shown by the last county assessment, and not assesed by the sheriff, on which he or she is liable or subject to pay a tax, shall be entitled to vote at any school meeting or election in said district:" B. & C. Comp. § 3386.

It is claimed that this statute is invalid so far as it prescribes a property qualification because in contravention of Section 2 of Article II. of the Constitution, defining the qualifications of voters. But it was held in *Harris* v. *Burr* 32 Or. 348 (52 Pac.

17, 39 L. R. A. 768) that the constitutional provision invoked does not apply to school elections, and that the legislature has plenary power to define the qualification of voters at such elections. See, also, *Livesley* v. *Litchfield,* 47 Or. 248 (83 Pac. 142). These decisions are decisive of the question now presented.

2. The contention that the statute is satisfied if the person offering to vote in fact owns property which is listed on the assessment roll, although it may have been assessed in the name of another, is without merit. The requirement is that he must have property "as shown by the last county assessment." The ownership of the property must appear from the assessment and cannot be shown by extrinsic evidence.

The judgment is affirmed.                    AFFIRMED.

---

Decided 4 December, 1906.